JAMES V. JONES *et al.*, plaintiffs in error, *vs.* NEEDHAM BULLARD, defendant in error.

Where a motion was made to set aside a verdict on the ground that it was taken in the absence of the defendant and his counsel, and under circumstances amounting to surprise, the motion was properly overruled, it appearing that the defendant had no substantial meritorious defense to the merits of the action.

New trial. Verdict. Practice in the Superior Court. Before Judge GIBSON. Burke Superior Court. May Adjourned Term, 1873.

Needham Bullard brought complaint against James V. Jones and Joseph B. Jones, principals, and Henry W. Jones, security, on a note made on January 1st, 1866, payable to the plaintiff, or bearer, on January 1st next thereafter, for $2,191 23, with credits thereon amounting to $52 65. The record fails to disclose any plea as having been filed. The jury returned a verdict for the plaintiff. The defendants moved for a new trial upon the following grounds, to-wit:

1st. Because the defendant, James V. Jones, was detained from appearance at court on the day the case was called and tried, by indisposition, his health being feeble and his residence being a great distance from the court-house, to-wit: sixteen miles, his presence and evidence being material to the defense. His testimony would have shown the consideration of the note, and the offer and payments made to the plaintiff.

Jones *vs.* Bullard.

2d. Because of the following facts: The defendants, Henry W. Jones and Joseph B. Jones, were only securities. They had retained Herschel V. Johnson, a regular practicing attorney of the court, to represent them. They were both present on the day before the verdict was rendered, and were informed that their attorney was prevented from attending court by recent and severe affliction in his family. They believed that the rule was to continue the cases of attorneys providentially detained from court. They both came to the court-house early on the day of the trial, and were in or near the door when the case was taken up, but waited to hear, as had been the well-known rule, their names and that of their counsel called. Owing to a new rule, which was then unknown to them, no such call was made. They waited during the first portion of the day, expecting to hear the case called, but the first intimation they received that the case had been reached, was the information that it had gone by default against them.

3d. Because they expected to prove that the plaintiff had agreed with the principal, without their knowledge or consent, to release one of their co-securities, and actually did release him ; that they only signed as securities, with the understanding that William B. Jones would sign with them ; that subsequently said William B. was, by an agreement between the plaintiff and the principal, released from said securityship, without their knowledge, consent or approval.

The motion was supported by numerous affidavits showing the circumstances under which the verdict was rendered, to be substantially as above set forth.

The affidavit of William B. Jones was introduced, to the following effect: He was a security with the said Joseph B. and Henry W. on the original note, of which the one sued on was a renewal. At the time of the renewal, the plaintiff asked him to sign the new note, which he refused. He believes that his co-sureties were not apprised of his refusal, and has reason to believe that they signed believing that he was to sign also. There was no understanding or agreement be-

tween him and the plaintiff, or James V. Jones, the principal, that his name should be omitted from the second note.

Also, the affidavit of James V. Jones, to the effect that had he been present he would have testified, in substance, as follows: The debt was contracted during the late civil war, and was made with reference to the Confederate currency, and though nothing was said at the time as to its payment in said currency, yet such was his expectation. After the note became due, he repeatedly offered to pay it in Confederate money; but the plaintiff refused to receive it. He also offered, at different times during the war, to pay the note in cotton or in provisions, but the plaintiff refused to accept the same. During Sherman's raid through Georgia, his cotton was destroyed, and the money that he had kept to pay to the plaintiff became worthless. After the termination of the war he offered to pay said debt in provisions at a fair price, but the plaintiff declined to accede to this proposal.

Also, the affidavit of Joseph B. and Henry W. Jones, sustaining the facts set forth in third ground of the motion for a new trial.

The plaintiff filed his affidavit to the following effect: At the time the note sued on was given, he did not call upon William B. Jones and ask him to sign the same. He never had any agreement or understanding with James V. Jones that William B. Jones was to be relieved from being security. The note was given to deponent by said James V. without anything being said on the subject, one way or the other. He had no knowledge of any understanding or agreement between James V. and his brothers, Joseph B. and Henry W., that William B. Jones was to sign with them as securities, nor does he believe that there was ever any such understanding.

The motion was overruled and defendants excepted.

W. W. Montgomery; H. H. Perry, for plaintiffs in error.

J. J. Jones, for defendant.

McCAY, Judge.

Did this case stand alone on the question whether the movants were in *laches* as to the witness, and their own presence in the court at the calling of the case, we might think Judge GIBSON's judgment refusing the order to set aside, open to objection. Though when a case turns as this does on the conduct of the parties under the eye of the court, and in the management of the case, it ought to be a very strong case to call for the interference of this court. The appeal is to the discretion of the court to save the parties from what is claimed to be an inevitable accident or providential interference without fault on the part of the movants, and it is almost impossible to get upon paper the real truth of the case as seen by the judge. But under the rule laid down by this court in *Beall vs. Marietta Paper Mill Company,* 45 *Georgia,* 28, it is not enough for the movant to show he is not in fault for not being present. He should also show that his defense had merits. It is folly for the court to set aside a judgment, if, when set aside, there is no legal reason why it should not be immediately again rendered.

We see nothing in any of the statements of the defendants themselves, or in their witnesses, to make out a defense to this note. True, the plea does say that the plaintiff had so acted towards the securities as to release them; but the affidavits make out a different case. When the new note was given, one security was left out—refused to sign the note. There is nothing *in any* of the affidavits going to show that any of the parties to the new note were misled, or did not know this. *Prima facie,* as they all signed it, the presumption is, they knew what they were about, and knew that one of the parties to the first note, a security, was not, and did not, become a party to the new note. There is nothing in the simple fact of his not joining in the renewal that gives any equity to those who did join. They acted with their eyes open; there is no claim of any fraud, mistake, etc., in the procuring of their signatures; and, indeed, nothing in any of the statements

made by any of the parties going to show how the fact that, when the new note was given, one of the securities to the first note refused to join in the renewal, discharges those who did sign.   Admitting, therefore, that the providential absence of Governor Johnson, the change in the mode of doing business by the court, and the other mishaps insisted on, called for the setting aside of the judgment, though we are not prepared to say they did, yet *cui bono?*   Why set it aside when, if Governor Johnson had been there, the parties there and the witnesses there, the result would and must have been the same? We say nothing as to the other defenses.   They are equally without legal merit, as the grounds they set up have been again and again ruled by this court to be insufficient.

Judgment affirmed.